UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA PELAYO,<br>Plaintiff,<br>v.<br>ALBERTSON'S LLC, *et al.*,<br>Defendants. | Case No. 1:26-cv-03838-KES-CDB<br><br>ORDER GRANTING UNOPPOSED MOTION OF COUNSEL FOR PLAINTIFF TO WITHDRAW AS COUNSEL OF RECORD<br><br>(Doc. 6)<br><br>ORDER VACATING SEPTEMBER 21, 2026, MOTION HEARING<br><br>(Doc. 6)<br><br>Clerk of the Court to update Docket and Mail Order to Plaintiff |

**Relevant Background**

Plaintiff Maria Pelayo ("Plaintiff") initiated this action with the filing of a complaint against Defendant Albertson's LLC ("Albertson's" or "Defendant") on April 14, 2026, in state court before Albertson's removed the action to this Court on May 18, 2026. (Doc. 1).

**Counsel for Plaintiff's Unopposed Motion to Withdraw as Counsel of Record**

Pending before the Court is the motion of Counsel for Plaintiff Daniel A. Reisman, Erin Reisman, and Michelle E. Nabati ("Counsel for Plaintiff") to withdraw as counsel of record for Plaintiff Maria Pelayo, filed on August 7, 2026. (Doc. 6). Counsel represents that Plaintiff discharged all three attorneys on July 31, 2026, and confirmed her decision on August 5, 2026. *Id.* at 1. Counsel represent

that Defendant does not oppose the motion, as confirmed by a telephone conference with counsel for Defendant on August 6, 2026. *Id.* at 2; *see* (Doc. 6-1, Declaration of Daniel A. Reisman ("Reisman Decl.") ¶ 6).

On August 10, 2026, considering counsel for Plaintiff's pending motion to withdraw, the Court ordered Plaintiff Pelayo to appear with existing counsel at the scheduling conference set for August 17, 2026. (Doc. 7). On August 17, 2026, a scheduling conference was held on the record. During the conference, counsel for the parties and Ms. Pelayo agreed to continue the scheduling conference was to October 8, 2026. (Docs. 9, 10). Ms. Pelayo also expressed unequivocally that she did not oppose granting counsel's motion to withdraw and that she intended to retain new counsel. Accordingly, Ms. Pelayo was ordered to file no later than September 24, 2026, either a notice of appearance of substitute counsel, a report setting forth good cause for any additional time within which to retain substitute counsel, or a statement that Ms. Pelayo intends to continue litigating the case pro se. (Doc. 10).

For the reasons set forth below, Counsel for Plaintiff's unopposed motion to withdraw will be granted.

**Governing Authority**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "[I]n ruling on a motion to withdraw, courts have looked at several factors including: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing cases, and noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. *Id.* The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id.*

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id.* The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d). Grounds for permissive withdrawal exist when "the client knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b)(6).

**Discussion**

Based on its consideration of Counsel's motion, the supporting declaration of Counsel Daniel A. Reisman, and discussion with counsel and Ms. Pelayo during the scheduling conference, the Court finds Counsel for Plaintiff Daniel A. Reisman, Erin Reisman, and Michelle E. Nabati have provided good cause to withdraw under the California Rules of Professional Conduct. The motion papers reflect that Plaintiff has discharged counsel for Plaintiff and confirmed that decision on August 5, 2026. As set forth in Counsel's papers and confirmed during the scheduling conference, Plaintiff confirmed her decision in discharging her Counsel and does not oppose Counsel's motion to withdraw.

Counsel for Plaintiff have complied with the notice requirements in Local Rule 182(d). Specifically, Counsel for Plaintiff provided Plaintiff with notice of the motion and copies of the motion papers. (Doc. 6 at 4). Counsel Daniel A. Reisman also provided a supporting declaration stating the current or last known address of Ms. Pelayo. Reisman Decl. ¶ 5. Ms. Pelayo appeared at the scheduling conference and expressed she did not oppose Counsel's motion to withdraw. The Court also notes that there is no indication granting withdrawal will cause any prejudice to any litigant, to the administration of justice, or delay the resolution of the case. Defendant does not oppose the pending motion or otherwise argue that they will suffer any prejudice from the Court's granting of the motion. *See* (Docs. 6, 10). Further, as discussed at the scheduling conference, Ms. Pelayo has until September 24, 2026, to file either a notice of appearance for substitute counsel, a report setting forth good cause for any

additional time within which to retain substitute counsel, or a statement that she intends to proceed pro se. (Doc. 10).

Thus, the Court will grant Counsel for Plaintiff's motion to withdraw as counsel for Plaintiff Pelayo.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. The motion of counsel for Plaintiff Daniel A. Reisman, Erin Reisman, and Michelle E. Nabati to withdraw as counsel of record for Plaintiff Maria Pelayo (Doc. 6) is GRANTED;
2. The motion hearing set for September 21, 2026 (Doc. 6) is VACATED;
3. The Clerk of the Court is directed to terminate Daniel A. Reisman, Erin Reisman, and Michelle E. Nabati as counsel of record for Plaintiff Maria Pelayo;
4. Daniel A. Reisman, Erin Reisman, and Michelle E. Nabati SHALL comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees, if any;
5. Plaintiff Maria Pelayo is substituted-in pro se and is DIRECTED to comply with all rules of the Court and all hearing dates (*see* Doc. 10);
6. The Clerk of the Court is DIRECTED to enter the following contact information for Plaintiff Maria Pelayo's address of record:

   Maria Pelayo
   2108 Western Avenue
   Bakersfield, CA 93304

7. The Clerk of the Court is DIRECTED to serve this order on Plaintiff Maria Pelayo by mail.
8. As directed (*see* Doc. 10), Plaintiff SHALL FILE no later than **September 24, 2026**, either (1) a notice of appearance for substitute counsel, or (2) a report setting forth good cause for any additional time within which to retain substitute counsel, or a statement that Plaintiff intends to proceed pro se.

**Any failure by Plaintiff to respond to and comply with the Court's order in this regard will result in the imposition of sanctions for failure to prosecute and failure to comply with the Court's order, up to and including a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated: **August 19, 2026**

UNITED STATES MAGISTRATE JUDGE